200 So.2d 661

**J. B. JOHNSTON**

**v.**

**STATE.**

**1 Div. 52.**

Court of Appeals of Alabama.

May 16, 1967.

Rehearing Denied June 27, 1967.

J. B. Johnston, pro se.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was charged and convicted on June 17, 1964, by a complaint sworn to by Calvin S. Byrd before G. V. Adams, Clerk of the Court of General Sessions of Mobile County, Alabama, for the offense of selling, removing or otherwise disposing of property in violation of Tit. 14, Sec. 364, Code of Alabama, 1940. An appeal was taken to the Circuit Court of Mobile County where the case was tried, upon a proper complaint filed before trial by the deputy solicitor for the State of Alabama, without a jury, and the trial judge found appellant guilty as charged. His punishment was fixed at a fine in the amount of $500.00 and court costs. This appeal is made from this judgment following the overruling of a motion for new trial.

The State's evidence tends to show that the property of appellant, a judgment debtor, was seized by the Sheriff of Mobile County on April 9, 1964, and thereafter an inventory was made and the appellant signed a bailee's receipt therefor. Another inventory was made on June 16, 1964, which revealed that some of the property contained in the first inventory was missing. On July 13, 1964, a third inventory was made, after which the Sheriff took possession of appellant's property.

Appellant contends that between the dates of the first and third inventory the building in which this property was stored was robbed twice and that, though both burglaries were timely reported to the sheriff's office, there was no investigation made.

After the State rested its case, counsel for appellant moved that the court exclude the evidence and acquit appellant on the grounds that the State had failed to prove a prima facie case against him. This motion was overruled and appellant proceeded with his case.

Appellant introduced evidence tending to show that the property levied upon consisted largely of stock in trade located in a grocery store owned by his wife and that the stock was also owned by his wife; and that the store was burglarized twice following the seizure of the property.

Appellant contends that the trial court erred in denying appellant a trial by jury after such had been requested by him. Appellant presented as a witness a Mr. Lawrence Appling, chief jailer of the Mobile County jail who testified as follows concerning this request:

"Q. Alright, and when the bondsman came, do you remember Mr. Johnston handing you a piece of paper with a request for a jury trial on it?

"MR. DUKE: We object, if the Court please, that's immaterial. That's not the proper way to find a demand for a jury trial.

"MR. GRAYSON: If he filed it with the bondsman—

"MR. DUKE: If the Court please, whether or not he made a demand for a jury in this case at this stage, would be completely immaterial. This same subject matter has been brought up on two separate occasions on motions.

"THE COURT: Has this matter come to the attention of the Court? The Record don't show it, but I didn't see this case until a few minutes before we went into it.

"MR. GRAYSON: Judge, we asked the other judges for a trial by jury, and it was refused, but we want to—

"THE COURT: Well, if they have already passed on it, now I'm not going to go into it.

"MR. GRAYSON: Well, I'd like to build my case.

"THE COURT: Well now, that should have been done on the motion presented

to the other Judges. This case was sent to me as a non-jury case, and I'll sustain the objection.

"MR. GRAYSON: I feel that we have a right to show the—of course, we are going to obey your order, but I feel that we have a right to show that he did make a demand, and he has a right to show it, and we except to the Court's ruling."

The record does not show that appellant filed a demand for a jury trial with the clerk of the trial court as required and, therefore, we feel that the lower court was not in error in denying a jury trial.

■ Appellant further contends that the State was not represented by properly authorized counsel in that the attorney representing the judgment creditors of the affiant instituting the original complaint acted as special prosecutor for the State and that there was no representation of the solicitor's office.

The record reflects that the deputy solicitor for the State of Alabama filed a proper complaint against the appellant after appeal and before trial in the Circuit Court. This contention has no merit.

■ Appellant contends that the judgment of conviction by the trial court is not sustained by the evidence. After careful consideration, we are of the opinion that the evidence in this case fails to meet the degree of proof required by law for a conviction.

For the above reason, we feel that this cause is due to be and the same is hereby

Reversed and remanded.

CATES, Judge (concurring specially):

Because T. 7, Sec. 521, seems to make a fi. fa. a lien when the writ is levied, it would appear that Johnston should have been indicted under T. 14, Sec. 363, instead of accused and fined under Sec. 364.